UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.  : | Nos. 3:03CR117(DJS) |
| : | 3:04CV1796(DJS) |
| **JOHN DELGADO** : | |

**MEMORANDUM OF DECISION**

This cause is before the court on defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (dkt. # 13). For the reasons stated below, this motion is **DENIED without prejudice** with respect to defendant's first claim for relief and **DENIED** with respect to defendant's second and third claims.

### I. BACKGROUND

Defendant was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On October 27, 2003, the court sentenced defendant to a 180-month term of imprisonment. Defendant filed this motion on October 25, 2004.

### II. DISCUSSION

Section 2255 provides a vehicle for federal prisoners to vacate sentences imposed in violation of the laws or Constitution

of the United States.[1]  See Hardy v. United States, 878 F.2d 94, 96 (2d Cir. 1989).  There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  See 28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426-27 (1962).  Section 2255 does not provide relief for all claimed errors in conviction and sentencing, but only for those "fundamental defects" resulting in a miscarriage of justice and "omission[s] inconsistent with the rudimentary demands of fair procedure."  See Hill, 368 U.S. at 428; see also United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

In his first claim for relief, defendant asserts that the state court convictions resulting in a significant enhancement to

---

[1] Section 2255 states, in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

his federal sentence are invalid.  In order to obtain relief from his enhanced federal sentence by way of Section 2255, defendant must first successfully petition the courts that rendered the convictions to vacate those convictions.  See Daniels v. U.S., 532 U.S. 374, 379 (2001) (holding that a prior conviction used to enhance a federal sentence may not be challenged by a petition for relief under § 2255).  Defendant does not set forth the basis for believing that his prior convictions are invalid, nor does he state that those convictions have been vacated.  Rather, defendant filed the instant motion in an effort to comply with the one-year statute of limitations for filing a motion under Section 2255.  The Government argues that defendant's first claim is not ripe because he has not presented evidence that a prior conviction has been vacated by the court that rendered the conviction, and this court stayed defendant's petition.

After the Government sought dismissal, and the court stayed defendant's petition, the Supreme Court rendered a decision on the dispositive issues governing the timing of defendant's first claim.  In Johnson v. U.S., 125 S.Ct. 1571 (2005), the Supreme Court held that "notice of the order vacating the predicate conviction is the event that starts the one year [AEDPA statute of limitations period] running" provided that "petitioner act[s] with due diligence in discovering the crucial fact of the vacatur order that he himself seeks."  Id. at 1580; see also id. at 1580-

81 ("[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence."). Because defendant's claims are not yet ripe, as he has not yet presented evidence that his state court convictions have been vacated, his first claim is dismissed without prejudice.

Defendant's second and third claims lack merit, and his motion is therefore denied with respect to these claims. In his second claim, defendant asserts a violation of his Sixth Amendment right to trial by a jury. Again, since the time this petition has been filed, the Supreme Court and the Court of Appeals for the Second Circuit have rendered decisions that conclusively reject defendant's Sixth Amendment argument that the facts of his prior convictions should have been found by a jury beyond a reasonable doubt and defendant's implicit assumption that he may raise this argument in a petition filed under Section 2255. See, e.g., U.S. v. Booker, 125 S.Ct. 738 (2005); Guzman v. U.S., 404 F.3d 139 (2d Cir. 2005). In his third claim, defendant argues that his counsel was ineffective because he did not raise the arguments set forth in his first and second claims before the district court or on appeal. Because the arguments themselves are patently meritless, his counsel's failure to raise them did not violate the Sixth Amendment.

## III. CONCLUSION

Defendant's motion (dkt. # 13) is **DENIED without prejudice** with respect to his first claim; defendant may raise this claim when and if one of the prior convictions that led to his enhanced federal sentence is vacated.  Defendant is also advised that he must seek relief from the courts which rendered these convictions with all due diligence if he is to preserve his right to bring a Section 2255 motion in the future.  With respect to defendant's second and third claims, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "it plainly appears from the face of the motion . . . that the movant is not entitled to relief. . . .;" therefore, defendant's motion (dkt. # 13) is **DENIED** with respect to his second and third claims.  Further, because defendant has failed to satisfy his burden of showing the denial of a constitutional right, see 28 U.S.C. 2253(c)(2), a Certificate of Appealability shall not issue on his second and third claims.  Defendant's motion for transcripts (dkt. # 19) is **DENIED as moot.**

So ordered at Hartford, Connecticut, this _____ day of July, 2005.

/s/DJS
_____
  **DOMINIC J. SQUATRITO**
  **UNITED STATES DISTRICT JUDGE**