UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DELGADO,  :
      Defendant-movant,  :  Nos. 3:03CR117(DJS)
      vs.  :  3:04CV1796(DJS)
:
UNITED STATES OF AMERICA,  :  July 27, 2005
      Respondent.  :

### DEFENDANT-MOVANT'S MOTION FOR RECONSIDERATION PURSUANT TO D.CONN.L.CIV.R. 9(e)(1)

Defendant-movant John Delgado, pro se, respectfully moves for reconsideration of this Court's unsigned Memorandum of Decision ("Document 20") filed July 20, 2005 denying his motion for relief under 28 U.S.C. § 2255. In support, Delgado submits the following:

1. The first claim Delgado advanced relates to the constitutional infirmity of his state convictions relied upon to enhance his federal sentence under the Armed Career Criminal Act ("ACCA"). The Court denied this claim without prejudice in light of Johnson v. United States, 125 S.Ct. 1571 (2005). See, Document 20, at 2-4.

2. In his second claim, Delgado asserts, inter alia, that his sentencing enhancement under the ACCA amounts to a violation of his Sixth Amendment rights, and in his third claim Delgado asserts that his counsel was ineffective for failing to advance by way of a direct appeal, the arguments presented in Delgado's § 2255 motion. The Court denied those claims holding that they

were "patently meritless." See, Document 20, at 4.

3. Although all of Delgado's claims relate to whether his sentence in this matter is constitutional, and although the government asserted that the sentence is constitutional in its prematurely filed response; the government was not required to supplement its answer with the relevant guilty plea and sentencing transcripts as Rule 5(b) of the Rules Governing Section 2255 Proceedings explicitly requires to be done. Id. Moreover, in order to meaningfully brief his arguments, Delgado moved for a copy of his guilty plea and sentencing transcripts, which the Court denied as moot when it denied Delgado's § 2255 motion. See, Document 20, at 5.

4. The first reason this Court should grant the instant motion is because the Court has overlooked a number of relevant facts, which Delgado cannot specifically or properly identify because of the lack of transctipts.

5. The second reason the instant motion should be granted is because the Court overlooked the legal principle that pro se submissions are to be liberally construed to raise the strongest arguments they suggest. In overlooking that legal principle, the Court further overlooked very recent Supreme Court authority which supports the second and third claims advanced by Delgado. That being Sheppard, where the high court interpreted the ACCA to require the government to come forward with actual proof of the conviction. Meaning, NCIC printouts and police reports are not the accepted means to establish the predicate for the ACCA

2

enhancement. Rather, the government must have proof of what the actual disposition was in order for a proper determination as to whether those dispositions satisfy the ACCA predicates. <u>Sheppard</u> fully supports Delgado's second and third claims, and the Court overlooked that very recent authority.

6. The third reason the instant motion should be granted is because Delgado was not provided with a copy of his guilty plea and sentencing transcripts, thus he was denied any chance of meaningfully briefing his second and third claims in view of the fact that those transcripts are highly relevant to Delgado's second and third claims.

Accordingly, because the Court overlooked relevant facts, governing authority, and denied Delgado's request for highly relevant transcripts, his right to a meaningful proceeding has been denied and the Court should reconsider its decision, vacate the same, grant Delgado's motion for transcripts, and stay the proceedings to afford Delgado a meaningful opportunity to brief his issues after he receives his guilty plea and sentencing transcripts.

Respectfully submitted,

*/s/ John Delgado*
John Delgado, pro se
Reg. No. 15155-014
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was deposited in the legal mailbox at FCI Otisville, postage prepaid, this 28th day of July, 2005, addressed to:

>United States Attorney's Office
>District of Connecticut
>450 Main Street
>Hartford, CT 06103

By: _/s/ John Delgado_
John Delgado, pro se