UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN DELGADO,

    Defendant-movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Nos. 3:03CR117(DJS)
      3:04CV1796(DJS)

July 27, 2005

### DEFENDANT-MOVANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION PURSUANT TO D.CONN.L.CIV.R. 9(e)(1)

Defendant-movant John Delgado, pro se, respectfully submits this memorandum of law in support of his motion for reconsideration of this Court's unsigned Memorandum of Decision ("Document 20") filed July 20, 2005 denying his motion for relief under 28 U.S.C. § 2255.

### I. RELEVANT FACTS

The first claim Delgado advanced relates to the constitutional infirmity of his state convictions relied upon to enhance his federal sentence under the Armed Career Criminal Act ("ACCA"). The Court denied this claim without prejudice in light of Johnson v. United States, 125 S.Ct. 1571 (2005). See, Document 20, at 2-4.

The second claim Delgado asserts is that his sentencing enhancement under the ACCA amounts to a violation of his Sixth Amendment rights, and the third claim Delgado asserts is that his counsel was ineffective for failing to advance by way of a direct

appeal, the arguments presented in Delgado's § 2255 motion. The Court denied those claims holding that they were "patently meritless." See, Document 20, at 4.

Although all of Delgado's claims relate to whether or not his sentence in this matter is constitutional, and although the government asserted that the sentence is constitutional in its prematurely filed response; the government was not required to supplement its answer with the relevant guilty plea and sentencing transcripts as Rule 5(b) of the Rules Governing Section 2255 Proceedings explicitly requires to be done. Id.

In an effort to meaningfully brief his arguments, Delgado moved for a copy of his guilty plea and sentencing transcripts, which the Court denied as moot when it denied Delgado's § 2255 motion. See, Document 20, at 5.

## II. ARGUMENT

### A. Legal Standard Governing Reconsideration

To warrant reconsideration of a court's decision, the facts or controlling decisions which a movant believes the Court overlooked in the initial decision must be set forth in a memorandum accompanying a motion for reconsideration. See, D.Conn.L.Civ.R. 9(e)(1). See also, General Star Idem. v. Anheuser-Busch Companies, 28 F.Supp.2d 71, at 74 (D.Conn. 1998)(Burns, Senior D.J.)(noting standard relating to controlling decisions); Aguilar v. United States, 8 F.Supp.2d 175, at 175-76 (D.Conn. 1998)(Eginton, Senior, D.J.)(granting motion to reconsider under Local Rule 9(e) and vacating prior order in

2

light of controlling authority overlooked by the Court).

B. **The Court Overlooked Relevant Facts Because The Relevant Facts Were Not Meaningfully Before The Court**

The Court has overlooked a number of relevant facts, which Delgado cannot specifically or properly identify because of the lack of transcripts.

Because Delgado was not provided with a copy of the transcripts he requested by motion, and because the government did not provide them in its answer, see, Section 2255 Rule 5(b); the relevant facts were not meaningfully before this Court. Thus, the relevant facts were overlooked by the Court because they were not before the Court in any meaningful manner.

C. **The Court Overlooked Controlling Authority**

The Court overlooked the legal principle that pro se submissions are to be liberally construed to raise the strongest arguments they suggest. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In overlooking that legal principle, the Court further overlooked very recent Supreme Court authority which supports the second and third claims advanced by Delgado. That being Sheppard, where the high court interpreted the ACCA to require the government to come forward with actual proof of what the conviction is. In other words, NCIC printouts and police reports are not the accepted means to establish the predicate for an ACCA enhancement. Rather, the government must have proof of what the actual disposition was in order for a proper determination as to whether those dispositions satisfy the ACCA predicates. Sheppard

3

fully supports Delgado's second and third claims, and the Court overlooked that very recent supportive authority. If for no other reason, the Court should vacate its order, grant Delgado's motion for transcripts, and afford him a sufficient opportunity to meaningfully brief his claim in this regard. See, Aguilar, 8 F.Supp.2d, at 175-76.

Moreover, because Delgado was not provided with a copy of his guilty plea and sentencing transcripts, he was denied any chance of "meaningfully" briefing his second and third claims (which the Court characterized as "patently meritless" without affording Delgado a meaningful opportunity to brief).

This Court has thus also overlooked the legal principle that all litigants are entitled to meaningfully present their claims regardless of financial or political status, which opportunity has been denied to Delgado by the lack of transcripts, and resulting lack of an opportunity to "meaningfully" brief his claims.

### III. CONCLUSION

Because the Court overlooked relevant facts that were unable to be meaningfully put before the Court, and has overlooked governing authority, and denied Delgado's request for highly relevant transcripts; his right to a meaningful proceeding has been denied and the Court should reconsider its decision, vacate the same, grant Delgado's motion for transcripts, and stay the proceedings to afford Delgado a "meaningful" opportunity to brief his issues after he receives his guilty plea and sentencing

4

transcripts.

Respectfully submitted,

*/s/ John Delgado/*

John Delgado, pro se
Reg. No. 15155-014
FCI Otisville
P.O. Box 1000
Otisville, NY 10963

## CERTIFICATE OF SERVICE

It is herby certified that a copy of the foregoing was deposited in the legal mailbox at FCI Otisville, postage prepaid, this 28th day of July, 2005, addressed to:

> United States Attorney's Office
> District of Connecticut
> 450 Main Street
> Hartford, CT 06103

By: */s/ John Delgado/*
John Delgado, pro se